**PEERLESS PUMP–FMC CORPORATION, Appellant,**

v.

**P. D. GUNTER et al., Appellees.**

**No. 4476.**

Court of Civil Appeals of Texas, Eastland.

Aug. 20, 1971.

Rehearing Denied Sept. 10, 1971.

Lester O. Berg, Abilene, for appellant.

C. O. McMillan, Stephenville, for appellees.

McCLOUD, Chief Justice.

This is a bill of review case. Appellant, Peerless Pump-FMC Corporation, originally filed suit against appellees, P. D. Gunter, J. B. Gunter and C. J. Gunter, in the District Court of Taylor County, alleging an indebtedness owed to appellant by appellees. Appellees filed a plea of privilege which was granted and the case was transferred to Comanche County. Appellees failed to interpose any plea in bar upon the merits. The trial court entered judgment against appellees. No appeal was perfected. Thereafter, appellees filed this action seeking a bill of review. The trial court set aside the original judgment and found that the original judgment was rendered in favor of a non-existent or fictitious plaintiff. The court also found that the original judgment was rendered on evidence which was insufficient to support such judgment.

Appellant contends appellees failed to properly plead or prove the essential elements required in a bill of review proceeding. Also, that the trial court erred in finding appellant was a non-existent or fictitious plaintiff and in finding that the original judgment was rendered on insufficient evidence.

In Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950) the Court said that before a litigant can "set aside a final judgment he must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own".

The record reflects that appellees introduced no testimony or other evidence in the bill of review proceeding. The only evidence introduced by appellant was its certificate to do business in Texas. We hold that appellees failed to meet the requirements set out in Alexander v. Hagedorn, supra.

Appellees also contend the original judgment is void because the appellant in that cause styled itself as plaintiff under the name "Peerless Pump-FMC Corporation" when in fact the true name of appellant is "FMC Corporation". Appellant contends that the exhibits attached to and made a part of its petition in the original suit clearly reflected that Peerless Pump was merely a trade name of a division of appellant, FMC Corporation. The certificate of authority filed by appellant in the bill of review proceeding showed that appellant was a foreign corporation with a permit to do business in Texas under its corporate name, FMC Corporation. The trial court in its judgment granting appellees' petition for a bill of review found that

appellant was a non-existent or fictitious party. We do not agree.

The original judgment, which was set aside in the bill of review proceeding, was a judgment nihil dicit awarded against appellees who had appeared by filing a plea of privilege but then said nothing in bar or preclusion of appellant's demand. The effect of a judgment nihil dicit is discussed in 33 Tex.Jur.2d 653, Judgments, Sec. 131, wherein it is stated:

"A party who permits a judgment nihil dicit impliedly confesses judgment by admitting the cause of action stated in the petition. He waives all errors in pleading or proof not fundamental or jurisdictional in character, such as mere irregularities of form in stating the cause of action and incidental facts, except those that the record shows were not intended to be waived. A judgment nihil dicit also imports a waiver of all objections to service and return of process. In fact, submission to such a judgment is an abandonment of every known defense and of any defense that ordinary diligence could have disclosed."

In the instant case appellant used its true corporate name, FMC Corporation, but in addition, included the trade name, "Peerless Pump". We are of the opinion that such designation did not constitute a fundamental or jurisdictional error and such improper designation of appellant in the original suit was waived by appellees who appeared but failed to object.

Appellees further contend that the original judgment was rendered on insufficient evidence. A complaint that a judgment is rendered on insufficient evidence is an objection that is available on appeal and a party who fails to avail himself of this right of review may not seek relief in a court of equity by bill of review. 34 Tex.Jur.2d 45, Judgments, Sec. 203.

The judgment of the trial court is reversed and judgment is rendered for appellant.